IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

vs                                                                          Docket No. 19-CR-00002-001

KOREY DOYLE

                            Defendant

## DEFENDANT'S SENTENCING MEMORANDUM

## PRELIMINARY STATEMENT

It is respectfully requested that the Court take into account the factors set forth below in determining this Defendant's sentence. Pursuant to 18 U.S.C.§3553(a), it is submitted that these factors militate in favor of a sentence substantially below the recommended Guideline Range. It is well established that district courts "may not presume that the Guidelines range is reasonable" and instead "must make an individualized assessment based on the facts presented". *United States v. Williams,* 574 F. 3d 209, 215(2dCir. 2008) (quoting *Gall v. United States,* 552 U.S. 38, 49-50(2007). The requested sentence would satisfy the requirement of a sentence sufficient but not greater than necessary to comply with the purposes of 18 U.S.C. §3553(a).

In the presentence report ("PSR") the total offense level is calculated at 28 and Criminal History Category I resulting in an advisory Guideline imprisonment range of 78 months to 97 months. However, as set forth below, the

1

18 U.S.C.§3553(a) factors support a sentence substantially below the advisory Guideline range as being sufficient but not greater than necessary as required by that statute.

In the Plea Agreement, the parties expressly reserve the right to argue for a sentence outside of the Guidelines.  (PSR at ¶ 140).

It is acknowledged that the Court must first correctly calculate the applicable Guideline range.  *Gall v. United States,* 552 U.S. 38, 128 S. Ct. 586, 596 (2007).  However, as set forth below,  the 18 U.S.C. §3553(a) Factors well support a sentence substantially below the recommended Guideline Range as being sufficient but not greater than necessary as required by the Statute.  *United States v. Ratoballi,* 452 F. 3d 127(2d Cir. 2006).  The Guidelines do not create a legal presumption with regard to the appropriate sentence.  *Rita v. United States,* 551 U.S. 338, 127 S. Ct. (2007).

As set forth below, the section 3553(a) factors when considered together with the advisory guidelines justify a substantially reduced sentence.

## TITLE 18 U.S.C. §3553(a) FACTORS

This is a particularly sad case.

The children who are depicted in the images that were possessed by Kory Doyle are, in the true sense of the word, "victims".  The recognition that this is so, is  shared by Kory, who is filled with shame and self-loathing, over his actions.  Of all people, Kory recognizes that having been the victim of childhood sexual abuse, himself, he should never have engaged in the offense conduct present, here.

2

The Pre-Sentence Report details, at length, the sexual abuse which Kory endured over a three year period of time when he was a young child. (PSR at ¶¶ 45, 97 and 102).

Kory's own victimization has resulted in his experiencing difficulty in school, causing him to drop out before he graduated and also in the workplace. He has been involved in mental health counselling for most of his life, having been diagnosed with generalized anxiety, social anxiety, depression, attention deficit hyperactivity disorder, post-traumatic stress disorder and panic disorder. (PSR at ¶ 106). He is currently prescribed by his psychiatrist, a number of medications to treat these conditions. (PSR at ¶ 107). As the result of the sexual abuse which Kory suffered as a young person, over the years he has contemplated committing suicide and, in the past, has engaged in cutting himself and hitting himself in the head. (PSR at ¶ 109).

Unfortunately, it is well documented that individuals who suffer sexual abuse as a child, do poorly in school and engage in criminal conduct. Todd Herronkohl, et al., *Effects of Child Maltreatment, Cumulative Victimization Experiences, and Proximal Life Stress on Adult Crime and Antisocial Behavior* (2017)(study funded by U.S. D.O.J.), https://www.ncjrs.gov/pdfiles1/nij/gea

Thankfully, at his present age of 33 and recently being married, mental health intervention seems to be taking hold in Kory's life.

He married his wife, Ashley in January of 2019. Her demonstration of support in him notwithstanding the pendency of this case, has caused him to realize that he has worth, as a person.

After his arrest on the present charges, Kory sought a psychiatric evaluation on a self-referral basis. (PSR at ¶ 112). Since that time, he has diligently followed up with counselling, currently through Endeavor Health Services, in Rochester, New York. He also treats on a monthly basis with a psychiatrist. (PSR at ¶ 106). He currently attends counselling two times weekly. (PSR at ¶111).

It is respectfully requested that the Court give consideration to the progress which Kory is making in establishing healthy mental health. This is an individual who recognizes his wrongful conduct and makes no excuses for his behavior At the same time, his own victimization and the effect that it has had on his emotional state is well documented.

Kory knows he needs the help he is presently receiving and that in order for him to move forward in life, it is likely he will always need some form of mental health intervention. He is committed to doing all that is in his power to regain his mental health and move forward as a productive member of society.

The absence of any criminal history, other than the present offense, confirms that Kory is not of a criminal bent, but rather someone who suffers from emotional deficits, which unfortunately, manifested themselves in criminal behavior.

Based upon the foregoing, it is respectfully requested that the Court fashion a sentence that will allow Kory to continue with mental health intervention, and move forward with his life.

## RESTITUTION

It is acknowledged that the Court must order restitution in the full amount

of the victim's losses, pursuant to 18 U.S.C. §2259.

However, as pointed out in the PSR, the Second Circuit has made it clear that the concept of proximate cause must be considered by the Court in determining the amount of restitution. Among the factors to be considered which are relevant to this case is the fact that Kory played no role in the production or creation of the images. Moreover, there is no evidence to suggest he ever directly dealt inappropriately with a child. Also absent in this case is any sharing or trading of images which would have the result of further disseminating the material. Finally, there is the issue of Kory's own victimization and the role which it played in his criminal conduct. It is requested that the Court take these factors into account, together with the fact that Kory is indigent, in determining the amount of restitution, if any, to be ordered.

## SENTENCING LETTERS

Accompanying this Memorandum are letters in support of Kory which speak to his good qualities and which, it is requested, the Court take into account in determining the sentence. See, Exhibit A.

Dated: Buffalo, New York

     July 17, 2019

                                                S/ Patrick J. Brown
                                         _____
                                            Losi & Gangi PLLC
                                            Patrick J. Brown, Esq.
                                            Attorney for the Defendant

Losi & Gangi PLLC
147 Linwood Avenue
Buffalo, New York   14209
(716) 854-1446
pbrown@losi-gangi.com

Michael DiGiacomo, Esq.
Assistant U.S. Attorney
138 Delaware Avenue
Buffalo, New York   14202

United States Probation Service
2 Niagara Square
Buffalo, New York   14202