UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

               v.

KORY DOYLE,

                           Defendant.

Case # 19-CR-2-FPG

DECISION & ORDER

       At a plea hearing on May 16, 2019, the Court accepted Defendant Kory Doyle's guilty plea to Count 1 of an information filed by the Government and scheduled a sentencing hearing for August 15, 2019. ECF Nos. 17, 18, 19. At sentencing, the Government intends to file a restitution statement in pursuit of restitution for Defendant's victims.

       On August 7, 2019, the Government moved to seal its restitution statement since it contains victims' names and references to medical records for some of the victims. ECF No. 30. For the reasons stated, the Government's Motion to Seal is GRANTED.

       The Second Circuit has deemed "[t]he common law right of public access to judicial documents" as "firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); *see also id.* at 120 (recognizing that the public and press have a qualified First Amendment right to access judicial documents and attend judicial proceedings). Consequently, when a party moves to seal documents, the Court must undertake a three-step process to determine whether the documents at issue should be sealed. *See id.* at 119-20. The burden of showing that the documents should be sealed rests on the movant. *E.g.*, *Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 621-22 (S.D.N.Y. 2011).

The Court must first determine whether the documents are "judicial documents" to which the presumption of access attaches. *See Lugosch*, 435 F.3d at 119. A "judicial document" is "relevant to the performance of the judicial function and useful in the judicial process"; merely filing a document with the Court "is insufficient to render that paper a judicial document subject to the right of public access." *Id.* (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")).

Next, if the documents are judicial, the Court must determine the weight of the presumption of access. *Id.* The weight is based on the role the documents play in the Court's "exercise of the Article III judicial power" and the consequent value of the information to those who monitor federal court proceedings. *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) ("*Amodeo II*")). Generally, the role will fall on a "continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* (quoting *Amodeo II*, 71 F.3d at 1049). For example, documents exchanged during discovery are "beyond the presumption's reach and stand on a different footing" than documents filed in support of a motion. *Lytle*, 810 F. Supp. 2d at 621 (quoting *Amodeo II*, 71 F.3d at 1050) (quotation marks omitted).

Finally, the Court must balance the weight of the presumption against "competing considerations." *Lugosch*, 435 F.3d at 120 (quoting *Amodeo II*, 71 F.3d at 1050) (quotation marks omitted). Examples of the latter include "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* (quoting *Amodeo II*, 71 F.3d at 1050) (quotation marks omitted).

Here, the Government's restitution statement should be sealed. Applying the required analysis, the statement is a judicial document carrying a strong presumption of access; it is relevant to the judicial process because it informs the Court as to the Government's position on restitution—a part of the sentencing process—and it directly affects that process. *See Lytle*, 810 F. Supp. 2d at 621 (quoting *Amodeo II*, 71 F.3d at 1050). However, the victims in this case have a stronger interest in maintaining privacy over their identities and medical records. Indeed, this Court and other district courts within the Second Circuit routinely seal medical records. *E.g.*, *Wheeler-Whichard v. Doe*, No. 10-CV-0358S, 2010 WL 3395288, at *7 (W.D.N.Y. Aug. 25, 2010). Accordingly, the Government's motion to seal, ECF No. 30, is GRANTED.

IT IS SO ORDERED.

Dated: August 8, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT